# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ELAINE CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:19-CV-130 (MTT) |
| | ) |
| PARSEC INC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

The parties move to transfer the case to the United States District Court for the Northern District of Georgia, Atlanta Division. Doc. 6 at 1. The Plaintiff brought this lawsuit seeking to recover for alleged injuries arising from a vehicular accident on April 3, 2017, at 6000 Dr. Luke Glenn Garrett, Jr. Memorial Highway, Austell, Georgia. Docs. 6-1 at 1; 1-2 at 3-4.

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." As an initial matter, the action could have been brought in the Northern District because that is where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Additionally, the parties consent to transfer. Doc. 6 at 1-2.

When deciding whether to transfer under § 1404(a), courts consider "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative

ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). Here, the parties represent the incident occurred in Austell, which is in the Northern District of Georgia, and that all parties are represented by counsel in the Northern District. Doc. 6-1 at 3.

Because the accident occurred in the Northern District of Georgia, counsel is located in the Atlanta, and the parties represent the Northern District of Georgia would be more convenient for them, factors (1), (2), (3), (4), (5), and (9) weigh in favor of transfer. *See* Doc. 6-1 at 3. Because the Plaintiff consents to the transfer, factors (6) and (8) do not weigh against it. Finally, factor (7) does not weigh in favor of or against the transfer, because, as the parties note, "both districts are equally familiar with Georgia law." *Id.*

Those factors, therefore, weigh in favor of transfer to the Northern District of Georgia. Accordingly, transfer to the Northern District of Georgia is appropriate under 28 U.S.C. § 1404(a). The consent motion to transfer (Doc. 6) is **GRANTED**, and the Court **DIRECTS** the Clerk of Court to **TRANSFER** the case to the Northern District of Georgia.

**SO ORDERED**, this 29th day of April, 2019.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT